USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 3 0 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

KHADDY GARCIA,

                Petitioner,

      -v-

UNITED STATES OF AMERICA,

                Respondent.

------------------------------------------------------------X

13 Civ. 7197 (KBF)
12 Cr. 436 (KBF)

OPINION & ORDER

KATHERINE B. FORREST, District Judge:

The Court has reviewed petitioner Khaddy Garcia's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the grounds of "procedural unreasonableness, substantive unreasonableness, double jeopardy, and ineffective assistance of counsel." (13 Civ. 7197, ECF No. 1.)

Garcia alleges, in substance that the Government vindictively prosecuted him for the crimes to which he pled guilty, induced him to sign a waiver of indictment, and failed to give him sufficient time to review the plea agreement before signing it. (Id. at 4-5.) Garcia further alleges that the Court was biased against his "mental health," that his sentence was substantively unreasonable, and that the Court improperly calculated the restitution amount. (Id. at 6-10.) Finally, Garcia alleges that he received ineffective assistance of counsel because, in substance, his attorney did not make any motions or objections at his plea and sentencing and was otherwise not qualified to handle his case. (Id. at 11-12.)

For the reasons set forth below, Garcia's motion is DENIED.

FACTS

On May 29, 2012, Garcia pled guilty to a two-count information charging him with one count of bank fraud in violation of 18 U.S.C. 1344 ("Count One") and one count of wire fraud in violation of 18 U.S.C. 1343 ("Count Two") (the "Information") pursuant to a plea agreement. (12 Cr. 436, ECF No. 13.)

Prior to pleading guilty to the Information, Garcia signed a waiver of indictment form (12 Cr. 436, ECF No. 12), and he affirmed on the record at the beginning of his plea that he understood he had a right to be charged in an indictment sworn by a grand jury, he was waiving that right, and that he had provided his signature on the waiver of indictment form willingly. (Plea Tr. at 7:17-8:23, 12 Cr. 436, ECF No. 14.) As a result, the Court found that Garcia's waiver of his right to be indicted by a grand jury was knowing and voluntary. (Id. 8:24-9:2.)

During his plea, Garcia either answered in the affirmative to the following questions or affirmed his understanding of the following facts:

- He had sufficient time to discuss the case, the charges against him, and the consequences of pleading guilty with his counsel. (Id. at 7:10-16.)
- He reviewed the Information and the charges contained therein with his counsel. (Id. at 9:7-12.)
- He understood the various constitutional rights he was giving up by deciding to plead guilty. (Id. at 9:16-12:4.)
- He understood that, for Count One, the maximum penalty was 30 years' imprisonment, five years' supervised release, a maximum fine of "the greatest

2

of $1 million, twice the gross pecuniary gain derived from the offense or twice the gross pecuniary loss to persons other than [himself] resulting from the offense," a $100 special assessment, and restitution and forfeiture in the amount of $212,597.52. (Id. at 12:12-24.)

- He understood that, for Count Two, the maximum penalty was 20 years' imprisonment, three years' supervised release, a maximum fine of "the greatest of $250,000, twice the gross pecuniary gain derived from the offense or twice the gross pecuniary loss to persons other than [himself] resulting from the offense," a $100 special assessment, and restitution and forfeiture in the amount of $212,597.52. (Id. at 12:21-13:10.)

- He understood that another person's prediction of what his sentence might be could be wrong, and that no one could assure him of what his sentence will be because the Court will determine that sentence. (Id. at 13:22-14:4.)

- He understood that, even if his sentence was different from what he was told or what he expected it would be, once he enters a plea of guilty he will not be able to withdraw it. (Id. at 14:16-24.)

- His agreement with the Government as to the appropriate sentencing range in his plea agreement is not binding on the Court. (Id. at 16:8-12.)

- His plea agreement contained a waiver of any appeal of an order of forfeiture or restitution that is equal to or less than $212,597.57.[1] (Id. at 18:1-5.)

- Nobody threatened or forced him to plead guilty. (Id. at 15:4-6.)

---

[1] The Court notes that the restitution and forfeiture amounts ultimately imposed in this case were $212,597.52. (12 Cr. 436, ECF Nos. 16-17.)

3

- Nobody made any promises to him or induced him to plead guilty. (Id. at 18:6-8.)
- The charges in the Information are "true" and he is the one who "perpetrated the scheme." (Id. at 20:12-13.)
- He affirmed his intention to plead guilty to both counts in the Information. (Id. at 26:25-27:6.)

The Court, satisfied that Garcia was in fact guilty and understood the rights that he was waiving, found his guilty plea to be voluntary and accepted the plea. (Id. at 27:7-13.)

The Court sentenced Garcia on October 9, 2012. On the record during the hearing, the Court, after carefully weighing the factors set forth in 18 U.S.C. 3553(a), determined that the Sentencing Guidelines range of 63 to 78 months (the range to which the Government and Garcia had agreed in his plea agreement) did not adequately account for the fact that Garcia had "a particular history of escalating conduct" that had not been deterred by previous periods of incarceration. (Sentencing Tr. at 10:4-16:14, 12 Cr. 436, ECF No. 24.) Accordingly, the Court sentenced Garcia to 120 months' imprisonment—two 60-month sentences, one for each count, to run consecutively—five years' supervised release, restitution and forfeiture in the amount of $212,597.52, and a $200 special assessment. (Id. at 16:15-17:9, 18:19-19:2.) The Court also recommended that Garcia receive counseling or a mental health evaluation at the facility where he will be housed by the Bureau of Prisons so that he could "better understand why [he had] done this

4

and what [he] can do in the future to try to prevent [himself] from engaging in this kind of behavior again." (Id. at 14:19-25, 19:22-24.)

DISCUSSION

The Court is required to promptly examine a motion under 28 U.S.C. § 2255, and "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 4(b) (emphasis added); see 28 U.S.C. § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney . . . .").

In determining whether summary dismissal is appropriate, the Court must "take into account admissions made by the defendant at his plea hearing, for '[s]olemn declarations in open court carry a strong presumption of verity.'" Gonzalez v. United States, 722 F.3d 118, 131 (2d Cir. 2013) (citing Blackledge v. Allison, 431 U.S. 63, 74 (1977). "The critical question is whether these allegations, when viewed against the record of the plea hearing, were so 'palpably incredible,' so 'patently frivolous or false,' as to warrant summary dismissal." Blackledge, 431 U.S. at 76 (internal quotations omitted).

Simply put, Garcia's statements on the record undermine each of the after-the-fact assertions he makes in the instant petition. Garcia affirmed that he was knowingly waiving his right to proceed by information rather than indictment, that

5

he had sufficient time to discuss the case, the charges, and the consequences of pleading guilty with his counsel, and that he understood the rights he was giving up by pleading guilty. (Plea Tr. at 7:10-16, 9:7-12:4.) He affirmed that he understood the maximum penalties he was facing—up to 50 years for both counts in the Information—as well as the corresponding maximum terms of supervised release, restitution, and forfeiture. (Id. at 12:12-13:10.) He affirmed his understanding that the Court alone would determine his sentence and that the Court was not bound by the sentencing range listed in the plea agreement he signed. (Id. at 13:22-14:24, 16:8-12.) That Garcia ultimately received a sentence that was higher than the Guidelines range listed in the plea agreement (though lower than the statutory maximums) is the precise outcome the Court repeatedly warned him of during his plea, and which Garcia repeatedly stated he understood.

Garcia affirmed that he was waiving his right to appeal an order of forfeiture or restitution equal to or less than $212,597.57 (id. at 18:1-5), which is both applicable and enforceable in the instant case. See, e.g., United States v. Arevalo, 628 F.3d 93, 98 (2d Cir. 2010). He affirmed that nobody threatened or forced him to plead guilty, and that nobody had made any promises to him or induced him to plead guilty. (Plea Tr. at 15:4-6, 18:6-8.) To the contrary, Garcia affirmed that he was pleading guilty because the charges in the Information were true. (Id. at 20:12-13.) At the conclusion of his plea, Garcia again re-affirmed his intention to plead guilty. (Id. at 26:25-27:6.)

Garcia's claim that the Court exhibited bias against him because of his mental health is similarly without merit. The Court only referenced Garcia's mental health in the context of ensuring that he receive proper counseling and treatment (if necessary) during his incarceration so that he could learn from his mistakes. (Sentencing Tr. at 14:19-25, 19:22-24.) As is clear from the record, Garcia's mental health played no improper role whatsoever in the Court's analysis of the 18 U.S.C. § 3553(a) factors in determining the appropriate term of imprisonment.

Finally, with respect to Garcia's ineffective assistance of counsel claim, a petitioner seeking relief under § 2255 on this basis must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). Even assuming Garcia's counsel's performance was deficient in some way (and there is no evidence in the record that he was), Garcia has not shown that he suffered the required prejudice. In fact, the record demonstrates that the Court carefully considered all aspects of Garcia's background (many of which were affirmatively raised by his counsel at sentencing) in determining the appropriate sentence that was sufficient but not greater than necessary under the 18 U.S.C. § 3553(a) factors. (Sentencing Tr. at 10:4-16:14.)

## CONCLUSION

For these reasons, Garcia's motion under 28 U.S.C. § 2255 is DENIED.

The Court declines to issue a certificate of appealability because there has been no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see Matthews v. United States, 682 F.3d 180, 185 (2d Cir. 2012).

The Court also finds, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from the denial of this motion would not be taken in good faith. See Feliz v. United States, No. 01 Civ. 5544 (JFK), 2002 WL 1964347, at *7 (S.D.N.Y. 2002).

The Clerk of Court is directed to terminate this action.

SO ORDERED.

Dated: New York, New York
October 30, 2013

_____
KATHERINE B. FORREST
United States District Judge

Copy to:

Khaddy Garcia
27270-050
FMC Devens
P.O. Box 879
Ayer, MA 01432